UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO.   8:14-cr-539-SDM-AEP
                                                                                  8:20-cv-141-SDM-AEP

SHELTON JOHN BENOITE
_____

**ORDER**

Shelton John Benoite moves under 28 U.S.C. § 2255 to vacate his conviction and sentence for being a felon in possession of a firearm for which he serves a sentence of 180 months. Benoite claims his felon-in-possession conviction is invalid because the government did not prove that he knew he was a felon when he possessed the firearm.

I.  BACKGROUND

Under a plea agreement Benoite pleaded guilty to an information charging him with possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count One) and conspiring to distribute and possession with intent to distribute ethylone in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (Count Two). The information listed Benoite's prior felony convictions and notified him that he was subject to enhanced penalties under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Benoite faced a mandatory minimum term of fifteen years for Count One and a maximum sentence of twenty years for Count Two. The district court

adjudicated Benoite guilty and sentenced him to concurrent terms of 180 months. Benoite filed no appeal.

*Rehaif v. United States,* 139 S. Ct. 2191, 2200 (2019), holds that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Relying on *Rehaif*, Benoite moves to vacate his felon-in-possession conviction and claims that (1) his waiver of indictment is invalid because the information omitted a knowledge-of-status element, (2) his guilty plea is involuntary because counsel failed to advise him that the government must prove he knew he was a felon, and (3) the district court lacked subject matter jurisdiction because the information omitted a knowledge-of-status element.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

"[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). As *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains, *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient.

> This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Benoite must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Benoite must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. Benoite cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992); *accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)); s*ee also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

### III.   GROUNDS ONE, TWO, and THREE

Benoite asserts neither that he did not know he was a felon nor that he would not have pleaded guilty if he had known that the government must prove that he

- 4 -

knew he was a felon. Rather, he claims entitlement to relief under *Rehaif* because he was incorrectly advised "by the trial judge, by his own lawyer, and by the prosecutor that the violation of section 922(g) did not require *mens rea* proof by the government." (Civ. Doc. 2 at 7)

However, the record shows that Benoite knew he was a felon. *See Rehaif*, 139 S. Ct. at 2198 (noting that the government's obligation to prove knowledge-of-status is not "burdensome" because "knowledge can be inferred from circumstantial evidence"); s*ee also Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) ("If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets.") (quotations omitted). "[H]ad the government been required to prove that [Benoite] knew he was a felon at the time he possessed a firearm, there is overwhelming evidence to show that it would have easily done so." *United States v. Bates*, 960 F.3d 1278, 1296 (11th Cir. 2020).

In the plea agreement Benoite admitted that "[a]t the time [he] sold the firearms and ammunition to the confidential sources, he had been convicted of the felony offenses enumerated in the Information[, and] [t]he Florida Office of Executive Clemency confirmed that [he] is a convicted felon who does not have the right to possess a firearm." (Crim. Doc. 14 at 21–22) The presentence report details Benoite's prior felony convictions including trafficking in amphetamines, possessing cocaine with the intent to sell or deliver, possessing cannabis, delivering a controlled substance, possessing a controlled substance, and delivering cocaine.

(Crim. Doc. 24 at ¶¶ 62–63 and 69) Benoite did not object to the presentence report (Crim. Doc. 30 at 4), and "a failure to object to allegations of fact in a [presentence report] admits those facts for sentencing purposes." *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006). At sentencing Benoite did not object or express any confusion when both counsel and the district court acknowledged that he previously served a three-year sentence. (Crim. Doc. 30 at 9 and 14)

Also, Benoite benefited by pleading guilty because under the terms of the plea agreement he received a three-level reduction in his offense level under U.S. Sentencing Guidelines Section 3E1.1. (Crim. Doc. 24 at ¶¶ 44 and 45) Consequently, "[h]ad [Benoite] known that the government needed to prove that he knew he was a felon, the probability is virtually zero that it would have changed his decision to plead guilty." *Bates*, 960 F.3d at 1296; *see also United States v. Roosevelt Coats*, 8 F.4th 1228, 1238 (11th Cir. 2021) ("Defendant's failure to attempt an explanation as to why awareness of the knowledge-of-status element would have caused him to reconsider his choice to plead guilty is unsurprising. The record here demonstrates that the Government could have readily proven beyond a reasonable doubt that Defendant had the relevant knowledge.").

Benoite's claim that counsel was ineffective for failing to require the government to prove that he knew he was a felon lacks merit. "[A]t the time [Benoite] was charged and convicted, the law was understood to allow the conviction of a defendant for a § 922(g) offense based solely on his knowledge that he possessed a firearm." *Dawkins v. United States*, No. 20-12840-D, 2020 WL 8270518,

at * 1 (11th Cir. Dec. 1, 2020) (citing *United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020)). "Although *Rehaif* later clarified that a defendant must have knowledge of both his possession of the firearm and his felon status, [Benoite's] counsel was not required to object to the indictment or the district court's provision of the elements based on predictions of how the law may develop." *Dawkins*, 2020 WL 8270518, at *1 (affirming that counsel was not ineffective for not requiring the government to prove the defendant's knowledge of his felon status). "[D]efendants are not entitled to an attorney capable of foreseeing the future development of constitutional law." *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986).

Benoite's claim that the district court lacks jurisdiction fails. Although the information does not allege that Benoite knew of his felon status at the time he possessed the firearm, that omission does not divest the district court of jurisdiction. *United States v. Moore*, 954 F.3d 1322, 1332–33 (11th Cir. 2020) ("While the indictment does not allege that [defendants] were aware of their status as felons at the time they possessed the firearms, . . . such mens rea allegations . . . [are] not required to establish jurisdiction.").

### VI.    MOTIONS TO AMEND

In a motion to amend filed September 19, 2022 (Civ. Doc. 26), Benoite seeks leave to expand his Section 2255 motion to include a claim for relief under *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022), an opinion which was vacated by *United States v. Jackson*, No. 21-13963, 2022 WL 4959314, at *1 (11th Cir. Sept. 8,

2002), and superseded by *United States v. Jackson*, 55 F.4th 846 (11th Cir. 2022). *Jackson*, 55 F.4th 846, 854, holds that the "ACCA's definition of a state 'serious drug offense' incorporates the version of the federal controlled-substances schedules in effect when the defendant was convicted of the prior state drug offense." Benoite's proposed *Jackson* claim is untimely because it does not relate back to his original Section 2255 motion. *See Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003) ("[N]ew claims alleging different trial errors [are] not part of the same course of conduct, and as such, [do] not relate back to the date of the [defendant's] timely filed § 2255 motion."). The motion to amend filed September 29, 2022 (Civ. Doc. 26) is **DENIED**.

In a subsequent motion to amend filed October 24, 2022 (Civ. Doc. 30), Benoite (1) repeats his arguments for relief under *Rehaif* and *Jackson*, (2) seeks to challenge the two-level enhancement applied to his offense level under U.S. Sentencing Guidelines Section 3B1.1(c) for his managerial or supervisory role in the offense, (3) requests a copy of the government's response in opposition to his September 19, 2022 motion to amend, and (4) requests appointment of counsel. The motion to amend filed October 24, 2022 (Civ. Doc. 30) is **GRANTED IN PART and DENIED IN PART**. The Clerk must **SEND** to Benoite the United States' Response in Opposition to Benoite's Motion for Leave to Amend (Civ. Doc. 28). As previously explained, Benoite is entitled to no relief under *Rehaif*, and his proposed *Jackson* claim is untimely. His proposed challenge to the enhancement under Section 3B1.1(c) is untimely because it does not relate back to his original Section 2255

motion. *See Farris*, 333 F.3d at 1215. And, Benoite has no right to counsel in this action as explained in the district court's order issued November 2, 2020. (Civ. Doc. 14)

Benoite's motion under Section 2255 to vacate, set aside, or correct his conviction and sentence (Civ. Doc. 1) is **DENIED**. The clerk is directed to enter a judgment against Benoite, close this case, and enter a copy of this order in the criminal case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Benoite is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Benoite must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues she seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Benoite is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Benoite must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on February 23, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE